### STATE v. JOHN E. COREY.

(Filed 2 July, 1930.)

1. **False Pretense A b—Under the facts of this case held: conviction of defendant of false pretense was error.**

   A conviction under C. S., 4277, for false and fraudulent representations as to the quantity of standing timber on land sold to the prosecutor cannot be sustained where the amount of the purchase price for land is to be determined by the number of feet of timber cut therefrom, the prosecutor not being damaged thereby; nor can the conviction be sustained for misrepresentations as to the quality of the trees when the prosecutor had ample opportunity to inspect them and had been urged to do so by the defendant.

2. **Criminal Law L f—Reversal of judgment of guilty has the effect of verdict of not guilty.**

   Under the provisions of C. S., 4643, the reversal of a judgment of guilty has the force and effect of a verdict of "not guilty."

APPEAL by defendant from *Nunn, J.,* at January Term, 1930, of PENDER. Reversed.

Criminal action in which defendant, John E. Corey, was tried on his plea of not guilty to an indictment charging that said defendant, unlawfully and feloniously, knowingly and designedly, did obtain from one

John H. Ott, Jr., money and other things of value by means of false and fraudulent representations as to the quantity and quality of the timber trees on a certain tract of land in Pender County, North Carolina, containing 14,411 acres, more or less, the said John H. Ott, Jr., having relied upon the truth of said representations, and having been thereby cheated and defrauded. C. S., 4277.

There was a verdict of guilty.

From judgment on the verdict, that defendant be confined in the State's prison for a term of not less than three years, nor more than five years, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*H. C. Carter, Herbert McClammy and Best & Moore for defendant.*

CONNOR, J. The record on this appeal contains 254 pages. There are 47 assignments of error which defendant contends should be sustained. All these assignments of error, except that based on defendant's exception to the refusal of the trial court to allow his motion for judgment as of nonsuit, present defendant's contentions that there were errors in the rulings of the court upon his objections to evidence offered by the State. It may be conceded, without deciding, that there was no error in the rulings of the court with respect to the evidence. We are of opinion that there was error in the refusal of the court to allow defendant's motion, made first at the conclusion of the evidence for the State and renewed at the close of all the evidence, for judgment dismissing the action as of nonsuit. C. S., 4643.

The evidence was conflicting as to whether defendant made the representations as alleged in the indictment. All the evidence was to the effect, however, that the prosecutor did not rely upon these representations in the purchase of the timber trees on the land described in the indictment. The contract of purchase was in writing, and it appears therefrom that the prosecutor relied upon the provision in the contract that he should pay the sum of $3.00 per thousand feet for the trees cut by him from said land, not exceeding 60,000,000 feet. Under this provision, the representation alleged to have been made by the defendant, as to the quantity of the trees on the land, was immaterial. With respect to the quality of the trees, all the evidence was to the effect that the prosecutor had ample opportunity, during the negotiations which pended from February to June, to inspect the trees, and was urged to do so by the defendant. There was no reference in the written contract to the quality, or to the size of the trees.

The judgment in this action is reversed upon the authority of *S. v. Mayer,* 196 N. C., 454, 146 S. E., 64. The facts in that case are almost identical with those in the instant case. Under the provisions of the statute (C. S., 4643) the reversal of the judgment has the force and effect of a verdict of "not guilty." The defendant is therefore, discharged. Reversed.